07 CIV 9681

550-07/MEU
**FREEHILL HOGAN & MAHAR, LLP**
Attorneys for Plaintiff
PHOENIX SHIPPING (PTY) LTD
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PHOENIX SHIPPING (PTY) LTD,

                 Plaintiff,

   -against-

BULKTRADE AG,

                 Defendant.
-----------------------------------------------------------------x

07 CIV _____ (   )

**VERIFIED COMPLAINT**

    Plaintiff, PHOENIX SHIPPING (PTE) LTD (hereinafter "PHOENIX"), as and for its Verified Complaint against Defendant BULKTRADE AG (hereinafter "BULKTRADE"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff PHOENIX was and still is a domestic business entity duly organized and existing under the laws of the United States with an address at 1013 Centre Road, Wilmington, Delaware.

3. At all times relevant hereto, Defendant BULKTRADE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Untermüli 7, CH 6304, Zug, Switzerland.

4. Plaintiff PHOENIX, as owner of M/V SEA FLOURISH, entered into a maritime contract of charter party dated June 6, 2007, with Defendant BULKTRADE, as charterer, for the carriage of approximately 6,000 metric tons of steel rail cargo from Fangcheng, China to Victoria, Brazil.

5. PHOENIX duly delivered the vessel into the service of BULKTRADE, and performed the voyage in accordance with the conditions of the charter.

6. The charter allowed for a set period of 2 days, 13 hours and 45 minutes for BULKTRADE to load and discharge the vessel.

7. The charter further provided that time used by BULKTRADE to load and discharge the vessel that exceeded the time allowed constituted demurrage payable at a rate of $30,000 per day, irrespective of the number of cargo holds BULKTRADE's cargo was to occupy on the vessel.

8. The loading and discharging operations of BULKTRADE's cargo proceeded in a continuous manner with no stoppage or delay.

9. BULKTRADE exceeded the allowed time for loading and discharging by 7 days, 10 hours, and 30 minutes.

10. PHOENIX issued an invoice for payment of demurrage in accordance with the terms of the charter in the amount of $30,000/day x 7.437 days = $223,125.

11. In breach of the charter, and despite due demand, BULKTRADE has refused and/or otherwise failed to pay demurrage due to PHOENIX under the charter, and the entire amount of $223,125 remains unpaid and outstanding.

12. The charter party specifically provides for the resolution of disputes by arbitration at London, England, with English law to apply. PHOENIX specifically reserves its right to arbitrate the merits of its dispute with BULKTRADE pursuant to the terms of the charter party.

13. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for PHOENIX's claim made or to be made in arbitration in London, England under English law, as agreed by the parties. On October 30, 2007, PHOENIX sent Defendant BULKTRADE notice of the appointment of its London arbitrator and requested Defendant to appoint its arbitrator.

14. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

15. Plaintiff estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claim in London arbitration will be $85,000. Interest anticipated to be awarded is estimated to be $38,301.50 (calculated at the rate of 8% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

16. In all, the claim for which PHOENIX seeks security in this action, as near as presently may be estimated, totals **$346,426.50**, no part of which has been paid by BULKTRADE. PHOENIX specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure PHOENIX.

17. Upon information and belief, and after investigation, Defendant BULKTRADE cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to or being transferred from or for the benefit of Defendant BULKTRADE AG (collectively hereinafter, "ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

**WHEREFORE**, Plaintiff PHOENIX SHIPPING (PTY) LTD prays:

a. That process in due form of law according to the practice of this Court may issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $223,125.00 plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, that all tangible or intangible property of Defendant, up to and including the sum of **$346,426.50**, be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to or being transferred from or for the benefit of Defendant at, being transmitted through, or within the possession, custody or control of such banking institutions and/or any such other

garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d. That this Court grant such other, further and different relief as may be deemed just and proper in the premises.

Dated: New York, New York
October 31, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
PHOENIX SHIPPING (PTY) LTD

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
MICHAEL E. UNGER

Sworn to before me this
31st day of October 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/292870.1                          6